UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-cv-22541-UNGARO

SEAN CRUZ NICHOLS,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,

    Defendants.

_____/

**PLAINTIFF'S *UNOPPOSED* MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ADD PARK WEST GALLERIES, INC. AS A NAMED DEFENDANT**

Plaintiff, SEAN CRUZ NICHOLS, by and through undersigned counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure and this Court's Scheduling Order for Pretrial Conference and Trial [D.E. 13], files his *Unopposed* Motion for Leave to Amend the Complaint to Add Park West Galleries, Inc. as a Defendant. In support thereof, the Plaintiff alleges as follows:

1. This matter arises from serious personal injuries the Plaintiff suffered when he was struck by a very large and heavy piece of artwork which was negligently secured while he was a passenger aboard the vessel *Norwegian Sky*.

2. On June 19, 2019, Plaintiff filed suit against NCL (BAHAMAS) LTD. ("NCL") for negligence failure to warn (count I), negligent maintenance (count II) and generally maritime negligence (count III) [D.E. 1].

3. During the course of discovery, the Plaintiff determined that Park West Galleries, Inc. ("Park West") provided, maintained, displayed and/or exhibited for auction the art work aboard the vessel, including the subject piece which struck and injured the Plaintiff.

4. Plaintiff requests leave to file an Amended Complaint to name Park West as a named Defendant. Plaintiff's proposed Amended Complaint is attached hereto as Exhibit 1.

5. This is the Plaintiff's first request for leave to amend and it is timely made in accordance with the deadlines set forth in the Court's Order, [D.E. 13].

6. Fed. R. Civ. P. 15(a)(2) mandates that the court freely allow amendments of a complaint when "justice so requires." *Spanish Broadcasting System of Fla., Inc., v. Clear Channel Communications, Inc.*, 376 F.3d 1065 (11th Cir. 2004) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)) ("The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial."); *see also Thomas v. Town of Davie*, 847 F. 2d 771, 773 (11th Cir. 1988) (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F. 2d 594, 597 (Former 5th Cir. 1981)) ("[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

7. Granting leave for Plaintiff to add Park West as an additional party is in the best interest of judicial economy and justice as the causes of action against Park West and NCL all arise out of the same transaction and occurrence: the subject large and heavy piece of artwork in Club Nika on Deck 6 caused Plaintiff's injury.

8. No Party will be prejudiced by the adding of Park West as a named Defendant.

9. Plaintiff respectfully submits that good cause has been shown and justice requires that his Motion be granted.

WHEREFORE the Plaintiff moves this Honorable Court for the entry of an Order granting his Unopposed Motion for Leave to Amend the Complaint.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1., on August 30, 2019, counsel for the Plaintiff conferred telephonically with counsel for NCL who does <u>not</u> object to the Plaintiff's Motion or the relief requested.

Respectfully submitted,

LIPCON, MARGULIES,
ALSINA & WINKLEMAN, P.A.
*Attorneys for Plaintiffs*
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Stefanie A. Black*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**STEFANIE A. BLACK**
Florida Bar No. 111903
sblack@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Stefanie A. Black*
    **STEFANIE A. BLACK**

## SERVICE LIST

*Nichols v. NCL (Bahamas) Ltd.*
**Case No. 19-CV-22541-UNGARO**

| | |
|---|---|
| Jason R. Margulies, Esq.<br>Stefanie A. Black, Esq.<br>LIPCON, MARGULIES,<br>ALSINA & WINKLEMAN, P.A.<br>2 S. Biscayne Blvd., Suite 1776<br>Miami, FL 33131<br>Telephone: (305) 373-3016<br>Facsimile: (305) 373-6204<br>jmargulies@lipcon.com<br>sblack@lipcon.com<br>*Attorneys for Plaintiff* | Todd L. Sussman, Esq.<br>NORWEGIAN CRUISE LINE<br>7665 Corporate Center Drive<br>Miami, FL 33126<br>Telephone: (305) 436-4653<br>Facsimile: (305) 468-2132<br>tsussman@nclcorp.com<br>jjara@nclcorp.com<br>*Attorneys for Defendant* |

Lipcon, Margulies, Alsina & Winkleman, P.A.